### SMITH COAL CO v
### GUARDIAN TRUST CO et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14706.   Decided Jan 13, 1936

Vickery, Duffy & Vickery, Cleveland, for plaintiffs.

John W. Bricker, Columbus, Chas. F.

## OPINION

By BLOSSER, J.

The agreed statement of facts shows that the bank treated the $2,129.77, deposited as above stated, as a savings account in the name of The Smith Coal Company, placing the money in the general fund and entering it upon a regular savings account book and crediting interest upon it as upon a regular savings account. No notice of these facts was communicated by the bank and as it retained possession of the bank book no opportunity was afforded to learn that the bank had thus treated the deposit. The bank's general fund into which the deposit went contained at all times from its receipt until after the bank's failure cash in an amount greater than $2,129.77. By reason of these facts and the receipt of the money by the bank, from the insurance company, the bank's assets were augmented.

Under all the facts presented, we are of the opinion that this deposit was made pursuant to a special agreement which gives rise to a right to priority in favor of the coal company. The officers of the bank had full knowledge of the affairs of the coal company and knew the circumstances under which the deposit was made and accepted the deposit for a specific purpose. The fact that the bank placed the deposit in a savings account without notice to or knowledge of the coal company does not change its status.

It is asserted by the bank that as the agreement did not provide that the bank was to pay the money to Bougher that the deposit is not entitled to a preference. However, under the facts already stated the deposit was made under an agreement which impressed upon it a trust for a specific purpose.

Under the principles announced by our Supreme Court in the case of McDonald, Admr. v Fulton, 125 Oh St 507, Busher, Clerk v Fulton, 128 Oh St 485, and Fulton v Paper Company, 129 Oh St 90, and the Court of Appeals in the case of Pontius v Sears, Roebuck & Company, 16 Oh Ap 240, it is our conclusion that the coal company is entitled to a preference.

A decree may be entered accordingly.

Decree for plaintiff.

MIDDLETON, PJ, and McCURDY, J, concur.